# EXHIBIT A

# NOTE



July 29, 2003
[Date]

3843 Anne Street          Drexel Hill, PA 19026
[Property Address]

### 1. PARTIES
"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Lender" means Cardinal Financial Company, Ltd. Partnership

and its successors and assigns.

### 2. BORROWER'S PROMISE TO PAY; INTEREST
In return for a loan received from Lender, Borrower promises to pay the principal sum of Ninety One Thousand Seven Hundred Fifty Six and no/100

Dollars (U.S. $ 91,756.00), plus interest, to the order of Lender. Interest will be charged on unpaid principal, from the date of disbursement of the loan proceeds by Lender, at the rate of Five and One / Half percent ( 5.5000 %) per year until the full amount of principal has been paid.

### 3. PROMISE TO PAY SECURED
Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

### 4. MANNER OF PAYMENT
   (A) Time
      Borrower shall make a payment of principal and interest to Lender on the first day of each month beginning on September 1 , 2003. Any principal and interest remaining on the first day of August , 2033, will be due on that date, which is called the "Maturity Date."
   (B) Place
      Payment shall be made at 355 East Street Road, Trevose, PA 19053 or at such place as Lender may designate in writing by notice to Borrower.
   (C) Amount
      Each monthly payment of principal and interest will be in the amount of U.S. $ 520.98. This amount will be part of a larger monthly payment required by the Security Instrument, that shall be applied to principal, interest and other items in the order described in the Security Instrument.
   (D) Allonge to this Note for payment adjustments
      If an allonge providing for payment adjustments is executed by Borrower together with this Note, the covenants of the allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge were a part of this Note. [Check applicable box]

   ☐ Graduated Payment Allonge  ☐ Growing Equity Allonge  ☐ Other [specify]

### 5. BORROWER'S RIGHT TO PREPAY
Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty, on the first day of any month. Lender shall accept prepayment on other days provided that Borrower pays interest on the amount prepaid for the remainder of the month to the extent required by Lender and permitted by regulations of the Secretary. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

FHA Multistate Fixed Rate Note - 10/95
VMP®-1R (9601).03
VMP MORTGAGE FORMS - (800)521-7291
Page 1 of 2   MW 01/96.03    Initials: lpb



### 6. BORROWER'S FAILURE TO PAY

**(A) Late Charge for Overdue Payments**

If Lender has not received the full monthly payment required by the Security Instrument, as described in Paragraph 4(C) of this Note, by the end of fifteen calendar days after the payment is due, Lender may collect a late charge in the amount of Four percent ( 4.0000 %) of the overdue amount of each payment.

**(B) Default**

If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. Lender may choose not to exercise this option without waiving its rights in the event of any subsequent default. In many circumstances regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of payment defaults. This Note does not authorize acceleration when not permitted by HUD regulations. As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee.

**(C) Payment of Costs and Expenses**

If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses including reasonable and customary attorneys' fees for enforcing this Note to the extent not prohibited by applicable law. Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.

### 7. WAIVERS

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

### 8. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the property address above or at a different address if Borrower has given Lender a notice of Borrower's different address.

Any notice that must be given to Lender under this Note will be given by first class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

### 9. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

_____ (Seal)    *Leslie P. Burke* _____ (Seal)
-Borrower                            Leslie P. Burke                         -Borrower

_____ (Seal)    _____ (Seal)
-Borrower                                                                     -Borrower

_____ (Seal)    _____ (Seal)
-Borrower                                                                     -Borrower

_____ (Seal)    _____ (Seal)
-Borrower                                                                     -Borrower

VMP -1R (9601).03                    Page 2 of 2

WITHOUT RECOURSE PAY TO THE ORDER OF
**WELLS FARGO HOME MORTGAGE, INC.**

ON THIS 29th DAY OF July 2003

**CARDINAL FINANCIAL COMPANY, LTD PARTNERSHIP**
BY *Sandra A Pacini* NS
Sandra A. Pacini   Asst. Vice President
ATTEST *Lauren Haggerty*
Lauren Haggerty   Asst. Secretary

WITHOUT RECOURSE
PAY TO THE ORDER OF   6·21 SV
WELLS FARGO HOME MORTGAGE, INC.
By *Amy Sharp*
Amy Sharp
Vice President, Loan Documentation

CANCELLED

SA 1-11-21 VPLD
WITHOUT RECOURSE
PAY TO THE ORDER OF
WELLS FARGO BANK, N.A., SUCCESSOR BY MERGER
WITH WELLS FARGO HOME MORTGAGE, INC.

CANCELLED

SAMUEL C. SHELLEY, SENIOR VICE PRESIDENT

MIDFIRST BANK

WITHOUT RECOURSE
PAY TO THE ORDER OF

WELLS FARGO BANK, N.A.
SUCCESSOR BY MERGER WITH
WELLS FARGO HOME MORTGAGE, INC

BY *Jackie C. Mueller*
JACKIE C. MUELLER, SENIOR VICE PRESIDENT

050